## The Northwestern Brewing Company
### v.
## John Manion.

*Landlord and Tenant—Recovery of Rent—Judgment—Form of.*

1. Where the defendant in an action of debt for rent pleads *nil debet,* and the plaintiff joins issue, and it is overcome by a production of the lease and testimony as to the rent unpaid thereon, no further proof upon the issue thus made is necessary.

2. It is too late to raise for the first time in this court a matter—such as a double reply—by which the party complaining is deprived of no substantial right.

3. The judgment in the case presented being for a sum equal to the entire amount that would accrue to the end of the term; to be discharged upon payment of the rent found due up to the bringing of the present suit, together with interest, this court holds that the same is erroneous, and that it should have been, that the plaintiff have and recover his debt to the amount of the accrued rent, and his damages, the amount of the interest thereon, and his costs and charges.

[Opinion filed January 27, 1893.]

APPEAL from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding.

This was an action of debt brought for rent accrued upon a lease executed by appellee to appellant.

Appellant pleaded *nil debet* and six other pleas, one of which was *non est factum,* duly verified.

Upon the plea of *nil debet,* appellee joined issue; to the remaining six he filed replications, setting up in evidence that the matters and things therein alleged, had, in a former suit between these parties, been adjudged and determined contrary to the allegations of said pleas. To these appellant rejoined, denying the said recovery.

A jury being waived, the court found the issues for the plaintiff, as follows: "That the defendant owes and is indebted to the plaintiff in the sum of $21,280, and assesses

the plaintiff's damages at the sum of $2,550; thereon judgment was entered as follows : "That the plaintiff do have and recover of and from the defendant his said debt of $21,280, also his said damages of $2,550, in form as aforesaid by the court found due and assessed, together with his costs and charges."

"It is further ordered that said debt be discharged upon the payment of the damages, interest thereon, and costs of suit."

The record of the former trial, in which the judgment pleaded was rendered, was introduced, as also the lease made by appellee to appellant.

Messrs. Knight & Brown, for appellant.

Mr. Nelson Monroe, for appellee.

Mr. Justice Waterman. Issue having been joined upon the case of *nil debet*, and it having been overcome by a production of the lease and testimony as to the rent unpaid thereon, no further proof upon the issue thus made was necessary. Counsel for appellant are mistaken in saying that the plea of *nil debet* was only met by the replication of *res judicata*. The fact that replication included the plea of *nil debet* as well as six other pleas, might have been taken advantage of by appellant had he moved to strike out either the replication joining issue, or that of *res judicata;* double replies not being permissible save under leave. Appellant failed to object to the double reply, and it is now too late for him to call attention to a matter by which he was deprived of no substantial right.

Appellant was not deprived of an opportunity to make any defense which he had.

At the conclusion of the evidence the following colloquy occurred :

The Court: "So far as the case is before the court now, the contention of the defendant is purely technical in the pleadings. There is no showing or intimation to the court

here that there is any defense. * * * It is the object of courts * * * to do justice between the parties, and when the court tries a case, it should find out what the merits of it are. So far as this case has been before this court, there is not any defense except what has been interposed before, because if there was, it should in all fairness be brought forward; and if the pleadings are not in shape so that they can be put in, the court will put them in shape so they can be put in; * * * and if there is anything which these defendants are in all fairness entitled to interpose here, I will find out a way to let it in. If they have paid anything let them show it. If there is anything in the shape of any eviction, which they did not set up before, or which they did not know of, or which they thought they could not avail themselves of, I will let it in."

By MR. MONROE (counsel for appellee): "If they want to introduce evidence of payment the plaintiff is willing they should do so now."

After a further and quite extended colloquy between the court and counsel for appellant, the following occurs:

THE COURT (to counsel for appellant): "Do you want to put in any evidence?"

MR. KNIGHT (counsel for appellant): "We stand here and the court can do anything it sees fit."

THE COURT: "I have overruled the motion."

MR. KNIGHT: "We have no evidence to offer."

The lease upon which this suit was brought has not yet expired; rent is yet accruing thereon.

The judgment entered in this case is in form for a sum equal to the entire amount of rent that would accrue to the end of the term, to be discharged upon payment of the rent found due up to the beginning of the present suit, together with interest found to have been earned thereon.

It is questionable if, upon an action for rent accrued subsequent to the bringing of the present suit, a discharge of the present judgment, being for the entire sum that could accrue to the end of the term, might not be well pleaded. The judgment should have been that the said plaintiff have

and recover of and from the said defendant his said debt to (amount of accrued rent), and also his said damages (amount of interest thereon) by the court aforesaid, in form aforesaid found, and also his costs and charges, etc. Yates' Pleadings, 524.

The finding should have been entered that the court found the issues for the plaintiff, and that the defendant owes to the plaintiff the sum of (amount of accrued rent), his debt, and also the sum of (amount of interest thereon), the said plaintiff's damages assessed for the detention of his said debt, being in all, the sum of (total amount.)

The finding and judgment have been entered as if this were an action upon a penal bond.

The trial and finding below having been by the court, the judgment of the Circuit Court will be set aside, and a judgment will be here entered for the rent accrued up to the time of the bringing of this suit, with interest thereon to the present time.